UNIVERSAL ADDING MACH. CO. v. COMPTOGRAPH CO.

(Circuit Court of Appeals, Seventh Circuit.    August 11, 1906.)

No. 1,251.

1. PATENTS—ABANDONMENT—COMPUTING MACHINE.

The Felt patent No. 628,176 for an improvement in computing machines, claims 1, 2, and 4, which are broad and generic covering the use of a lateral movement in such machine to bring about the placing of the figures in parallel columns are void, either for anticipation by the Hiett & Cable patent No. 580,863 or for abandonment if, as claimed, the invention was substantially perfected eight years before application was made for the patent.

[Ed. Note.—Abandonment of invention, see note to Hayes-Young Tie Plate Co. v. St. Louis Transit Co., 70 C. C. A. 6.]

2. SAME.

An inventor having grasped an idea and put it in mechanical form may not wait to secure a monopoly on the broad thought until everything in the nature of mere accessory improvement that makes it commercially better has been worked out and perfected.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 106–108.]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

For opinion below see 142 Fed. 539.

The suit in the Circuit Court was to restrain infringement of claims one, two and four, of letters patent No. 628,176. issued July 4, 1899, to Dorr E. Felt, for an improvement in tabulating machines. The claims sued upon are as follows:

1. The combination with the printing mechanism adapted to print two or more characters side by side, of a laterally-movable paper-carriage, devices for feeding the paper longitudinally mounted in said carriage, and automatic mechanism acting in any position of the carriage to actuate said feeding devices in the line-spacing movements, substantially as specified.

2. The combination with a series of type arranged to print side by side, devices for impressing the paper upon the type, a laterally-movable paper-carriage adapted to position the paper for the different columns, feed-rolls for moving the paper longitudinally past the type, and means for actuating said rolls, substantially as specified.

4. The tabulating-machine having in combination a laterally-movable paper-carriage, means for feeding the paper vertically in any position of the carriage, and mechanism for shifting the carriage laterally the width of a column-space, substantially as specified.

The decree appealed from sustained these claims, and restrained the appellee from infringement.

Other patents cited are: No. 388,119, Aug. 21, 1888, W. S. Burroughs; No. 401,780, April 23, 1889, L. G. Garrett; No. 439,544, Oct. 28, 1890, U. S. McCormack; No. 439,847, Nov. 4, 1890, W. M. Reason; No. 441,232, Nov. 25, 1890, D. E. Felt; No. 441,233, Nov. 25, 1890, D. E. Felt; No. 465,255, Dec. 15, 1891, D. E. Felt; No. 465,451, Dec. 22, 1891, A. T. Brown; No. 471,872, March 29, 1892, G. F. Loar; No. 500,793, July 4, 1893, F. H. Bowen; No. 501,753, July 18, 1893, J. N. Williams; No. 504,963, Sept. 12, 1893, W. S. Burroughs; No. 505,078, Sept. 12, 1893, W. S. Burroughs; No. 517,735, April 3, 1894, J. D. Daugherty; No. 524,867, Aug. 21, 1894, W. Sears; No. 538,807, May 7, 1895, J. C. Wolfe; No. 543,111, July 23, 1895, C. Spiro; No. 553,331, Jan. 21, 1896, L. S. Burridge and N. R. Marshman; No. 555,039, Feb. 18, 1896, G. W. Dudley; No. 568,021, Sept. 22, 1896, D. E. Felt; No. 578,303, March 2. 1897, J. C. Wolfe; No. 580,863, April 20, 1897. De Kerniea. J. T. Hiett; No. 595,864, Dec. 21, 1897, W. H. Pike, Jr.; No. 693,958, Feb. 25, 1902, D. E. Felt; German letters patent No. 7,393, Nov. 19, 1879, Konigsberger & Co.; German letters patent No. 66,340, March 13, 1892, to J. L. Heuber.

Further facts are stated in the opinion.

Paul Bakewell, F. R. Cornwall, Thomas F. Sheridan, and W. Clyde Jones, for appellant.

John W. Munday and Henry Love Clarke, for appellee.

Before GROSSCUP, BAKER and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts). The claims relied upon are generic. If sustained they would exclude any other adding machine from using a lateral movement produced by the pressing of a key. The contention is that Felt was a pioneer in this particular improvement, and is entitled therefore not only to the broad claims set forth, but to the allowance of time said to have been necessarily taken—about eight years—to bring the improvement to perfection.

The patent was applied for May 31st, 1898, and allowed July 4th, 1899. Admittedly the adding machine. tabulating figures in single columns, was at that time in full use. The improvement was intended merely to embody the tabulations in parallel columns, thus introduc-

ing greater compactness, and greater convenience in the sheets containing the tabulated figures.

It turns out however, that at the time the Felt patent was applied for and allowed, there was another patent in existence—No. 580,863, applied for Sept. 16th, 1896, and issued April 20th, 1897, to Hiett and Cable; this earlier patent disclosing descriptively, though not claiming generically, all that is contained in claims one, two, and four of the Felt patent in suit. Indeed, Felt's only escape from the Hiett patent, as an anticipating device, lies in the claim that though the Felt patent was not applied for until 1898, the idea was conceived, and put into process of mechanical development in 1889 and 1890—a conception and mechanical embodiment that at that early date was entirely practical and operative, and only needed certain accessories to make it commercially a success.

These accessories are reduced in argument to five in number: (1) That though the machine of 1890 produced parallel columns adding the numbers, it had no automatic mechanism for printing the answers; the perfected machine of 1898, and the Hiett machine contains such a mechanism. (2) The machine of 1890 was so constructed that the operator was liable to feed the paper clear out of the machine at the bottom of a column, and thus lose his work; the perfected machine of 1898, as well as the Hiett machine, embodied means for preventing this. (3) That although the machine of 1890 printed ciphers automatically, it required, to print the ciphers, that the keys be touched in certain order; the perfected machine of 1898, as also the Hiett machine, print the ciphers automatically, in whatever order the keys are touched. (4) The machine of 1890 was a key driven machine; the perfected machine of 1898, as also the Hiett machine, being a lever driven machine; that is to say, the lateral motion in the machine of 1890 was produced by pressing hard upon a key, while in the later machines the depression of the key does none of that work, but merely sets the mechanism so that all of the work is done afterwards by the hand lever. (5) The machine of 1890, although it contained means for turning the sheet of paper back by hand, did not contain an automatic mechanism for performing this operation; the perfected machine, as also the Hiett machine, contains such automatic mechanism. And the argument of the patentee is, that though it took eight years to develop and perfect these accessories, all things considered the time was not too long, and the patentee ought not, either through the doctrine of laches or abandonment to be thereby barred from claiming the date of his invention to have been 1890, while its commercial perfection did not take place until 1898, the date of his application for the patent.

A study of the development, and the appearance in the art, of these accessories, fails to sustain the equity of appellee's claim. The first one pointed out was employed in the Felt patent, No. 465,255, issued December 15th, 1891, as also the earlier Burroughs patent; and the fourth and fifth seem to have been clearly pointed out in Felt's invention, No. 568,021, applied for June 14, 1895. And respecting none of them is there any evidence in the record showing when they were conceived, or when they were perfected. For anything the record shows, all of these accessories could have been added more than two

years prior to the application for the patent. And the significance of this silence is emphasized by the fact that though the Hiett patent admittedly embodies them all, more than a year and a month elapsed after the issuance of that patent, before Felt incorporated them in his application for the perfected machine.

.All this leads us up merely to the proposition upon which this case turns. The claims sued upon, as already stated, are generic. Felt seeks to monopolize, in his patent, the right to use a lateral movement to bring about the placing of the figures in parallel columns. Assuming that this concept of the patentee was complete when the patent was exhibited to the census office in 1890, so as to be practicable and operative, the machine was sufficiently completed to obtain a patent (if the feature were patentable at all) upon the broad feature claimed. The accessories subsequently developed added nothing either to the concept, or to the operativeness of the mechanism embodying the concept. What followed, if anything, was not development or evolution, but improvement merely. And an inventor having grasped an idea, and put it in mechanical form, may not wait to secure a monopoly upon the broad thought until everything in the nature of mere accessory improvement that makes it commercially better has been run out and perfected. To so hold would put it in the power of a patentee to hold back his improvement from the world indefinitely, obtaining in the end a patent that would exclude everything relating to the art, although the whole world had contributed to the perfecting, commercially, of his conception.

One of two things in this case seems to us plain: Either the mechanism of 1890, upon which these broad claims are based, was a mere experiment, inoperative and impracticable, and as such supplanted by the Hiett patent coming some six years later; or else, for the purposes of the broad claims allowed, the mechanism of 1890 was operative and practical, and therefore abandoned or lost through the eight years of inaction that followed. And either view compels us to reverse the decree of the Circuit Court appealed from. The decree of the court below is reversed, and the case remanded with instructions to enter a decree dismissing the bill for want of equity.