UNIVERSAL ADDING MACH. CO. v. COMPTOGRAPH CO.

(Circuit Court, N. D. Illinois, E. D. April 22, 1908.)

No. 28,528.

**1. PATENTS—EFFECT OF ADJUDICATION OF ABANDONMENT—ESTOPPEL.**

Where, in a suit for infringement, certain generic claims of the patent were held void for abandonment, on the ground that the broad invention was made by the patentee some eight years before the application was filed, the defendant, which owned a patent granted on an application filed six years after the date so found, is concluded by such finding, and cannot incorporate the same claims in a reissue of its own patent and maintain a suit thereon against the former complainant.

**2. SAME—PRIOR INVENTION—COMPUTING MACHINE.**

The Hiett reissue patent, No. 12,582 (original No. 580,863), for a computing machine, claims 55, 56, and 57, *held* void on the ground of prior invention.

In Equity.

Thomas F. Sheridan, George L. Wilkinson, and Walter A. Scott, for complainant.

John W. Munday, for defendant.

KOHLSAAT, Circuit Judge. This cause is now before the court on final hearing on bill and cross-bill. Heretofore the defendant brought suit against the complainant for infringement of patent No. 628,176, issued to one Felt on July 4, 1899, for a tabulating machine. In that cause such proceedings were had in the Court of Appeals that this court, dismissed the bill for want of equity. Complainant herein was at that date claiming the right to manufacture under patent No. 580,863, issued April 20, 1897, to one Hiett, for improvement in calculating machine. Complainant in that suit undertook to carry its invention back of that of Hiett. In deciding the case (146 Fed. 981, 77 C. C. A. 227) the court says:

"One of two things in this case seems to us plain: Either the mechanism of 1890, upon which these broad claims are based, was a mere experiment, inoperative and impracticable, and as such supplanted by the Hiett patent, coming some six years later, or else, for the purposes of the broad claims allowed, the mechanism of 1890 was operative and practical, and therefore abandoned or lost through the eight years of inaction that followed."

Among the defenses set up in the amended answer of defendant in said former suit (complainant herein) are the allegations that the subject-matter of the patent then in suit had been in public use for more than two years, that the same had been disclosed in the columns of the Chicago Tribune, and that the device had been completed and capable of useful operation and abandoned, all more than two years prior to the filing of the application for said patent No. 628,176.

The bill herein sets up that "said letters patent No. 580,863, being afterwards considered to be inoperative or invalid by reason of an insufficient or defective specification, which insufficiency or defect arose from inadvertence, accident, or mistake, and without any fraudulent or deceptive intent on the part of the said De Kernica J. T. Hiett, were surrendered August 27, 1906, and duly canceled by the Com-

missioner of Patents," and that thereupon Hiett made application for reissued patent, which was granted December 18, 1906, and numbered 12,582. By this proceeding the Patent Office awarded to complainant herein three additional claims, to wit, claims 1, 2, and 4, set out in defendant's original patent No. 628,176, transferring them literally from defendant herein to complainant as claims 55, 56, and 57 thereof, without notice to defendant as is the regular course of procedure in that office. It appears from the file wrapper and contents of the Hiett original patent that the application as originally presented contained in claims 59 to 62 thereof, both inclusive, substantially the same subject-matter as that of said claims 1, 2, and 4 so added to the Hiett patent. It further appears from said file wrapper that said claims 59 to 62 were all rejected by the examiner and were canceled by Hiett— the first three on October 29, 1896, and the last on December 26, 1896. Upon this state of facts, the bill herein was filed, asking that: (1) Defendant's said patent No. 628,176 be adjudged null and void; (2) defendant be decreed to pay damages; (3) an injunction issue, restraining defendant and those under him from claiming any rights under said patent. To this bill defendant made answer, in a general way putting at issue all the material allegations of the bill, which in substance are the same as in any ordinary bill to restrain infringement, in addition to the other special features thereof. After answering, defendant filed its cross-bill, wherein it sets out that its grantor was the original first inventor of the subject-matter of the Hiett patent, that by the said reissue patent its claims 1, 2, and 4 were allowed to complainant, and that said reissue was obtained by fraud, and prays that its patent be declared valid, that said reissue patent be decreed to be null and void, and that cross-defendant be enjoined, etc.

It is complainant's contention that the bill herein was filed under the provisions of section 4918 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3394), and that, such being the case, the court cannot declare either patent valid, but that it must declare one invalid, but cannot declare both invalid, that the decision of the Court of Appeals above set out is res adjudicata as to claims 1, 2, and 4 of the Felt patent, and that the only question properly before the court is that of priority of invention. In the view taken by the court, the question upon the original bill is broader than this. As will be seen from the reading of the opinion of the Court of Appeals above referred to, there was no intimation that the Hiett patent was valid. All that the court decided was that the Felt patent No. 628,176 was not valid. While the basis of the finding was stated in the form of a dilemma, yet, considering the answer filed in said cause, the reasoning of the court, and the evidence, it seems clear that, if either horn of that dilemma was in fact established, it must be that which declared that:

"For the purposes of the broad claims allowed, the mechanism of 1890 was operative and practical, and therefore abandoned or lost through the eight years of inaction that followed."

If any doubt remained upon that point then, none now exists, in view of the present record. The facts bring the case within the rule laid

down in Coffin v. Ogden, 18 Wall. 120, 21 L. Ed. 821, Brush v. Condit, 132 U. S. 39, 10 Sup. Ct. 1, 33 L. Ed. 251, Pickering v. McCullough, 104 U. S. 310, 26 L. Ed. 749, and Hall v. Macneale, 107 U. S. 90, 97, 2 Sup. Ct. 73, 27 L. Ed. 367. Manifestly, if the Hiett patent covered an invention which had been abandoned after being made public, as in the present case, more than two years before Hiett's alleged invention, the latter's patent must be invalid as to those subject-matters. Felt did not abandon it to Hiett, but to the public. The evidence in both suits utterly fails to show an abandoned experiment. If Hiett's patent was void, then he gained nothing by the reissue. In the former suit the defendant herein was relying upon the validity of claims 1, 2, and 4 of the Felt patent, and failed. Here the complainant must stand upon the validity of the Hiett reissue patent, and establish it affirmatively as to those same claims before he can obtain the relief sought. He fails for the same reason that obtained to defeat Felt's patent.

Thus, it will be seen, there are other questions involved then those of priority of invention. These identical claims have been held invalid in a prior suit between the same parties, and cannot be reinvested with validity by any change in the form of the suit or for any purpose, even though the bill may put them in issue. For the same reason it is evident the cross-bill will not lie. It is unnecessary to consider the other questions raised, as, for instance, laches, fraud upon the Patent Office, cancellation in the Patent Office, want of utility, etc.

The bill and cross-bill are dismissed for want of equity.