## DAVIS & ROESCH TEMPERATURE CONTROLLING CO. v. NATIONAL STEAM SPECIALTY CO.

(Circuit Court, N. D. Illinois, E. D.    August 4, 1908.)

### No. 27,519.

1. JUDGMENT—PATENTS—SUIT FOR INFRINGEMENT—DEFENSE OF ANTICIPATION —RES JUDICATA.

In a suit for infringement of a patent, the question of priority of invention is not res judicata because of a decision in favor of the patent in interference proceedings in the Patent Office between the same parties: the question whether the patent is void for anticipation being one in which the public has an interest, as well as the parties.

2. PATENTS—ANTICIPATION—ABANDONMENT BY PRIOR INVENTOR.

The making of an invention and its reduction to practice, without any public use or other act placing the public in possession of the invention,

although the inventor may by delay in applying therefor lose his right to a patent, does not constitute an abandonment of the invention to the public, which will invalidate a patent subsequently granted to another therefor.

[Ed. Note.—Abandonment of invention, see note to Hayes-Young Tie Plate Co. v. St. Louis Transit Co., 70 C. C. A. 6.]

3. SAME—THERMOSTAT.

The Roesch patent, No. 759,472, for a thermostat, *held* valid as against the defense of anticipation.

In Equity. On plea.

William O. Belt (James C. Chapin, of counsel), for complainant.
Bulkley, Durand & Drury (Charles C. Bulkley, of counsel), for defendant.

KOHLSAAT, Circuit Judge. Complainant brings suit to restrain infringement of patent No. 759,472, granted to complainant, as assignee of Alfred Roesch, May 10, 1904, for an improvement in thermostats, and patent No. 764,822, granted July 12, 1904, to complainant, as assignee of said Roesch, for an improvement in air-vents. Defendant filed a plea to the bill, so far as it applies to the patent first set out, limited to the defense of anticipation, upon which the cause went to hearing. The facts are as follows, viz.:

Complainant's assignor, Roesch, filed his application for the patent in suit on January 27, 1903, and defendant's assignor filed his application on March 4, 1904. On interference declared, the invention was awarded to Roesch. The defendant claims to have invented and reduced to practice the subject-matter of the patent in suit several years prior to the filing of complainant's application. The examiner disregarded this contention. While interference proceedings were pending, this suit was instituted. By stipulation, the record of the interference proceedings constitutes the evidence here, so that no new question is presented, except such as may be deduced from the action of the examiner.

It is complainant's contention that defendant, who was admittedly privy to the interference proceedings, is precluded thereby from again raising the question of priority. On the other hand, defendant insists that complainant could only avail itself of the doctrine of res adjudicata by properly pleading the prior judgment. It must be borne in mind that the question here presented is one in which, as Judge Putnam says, in Automatic Weighing Machine Co. v. Pneumatic Scale Co. (C. C.) 158 Fed. 415, the whole public is interested, as against whom no estoppel can be predicated upon the decision in an interference case. While that decision would be very persuasive, it is not, for the purposes of this case, decisive. If, as a matter of fact, Brissenden had publicly reduced the invention to practice prior to the date of Roesch's alleged invention, then, as a matter of course, that being established, the plea of anticipation would be sustained, and the rights of the public would attach.

The plea does not rest upon section 4915 or 4916, Rev. St. (U. S. Comp. St. 1901, pp. 3392, 3393), providing for a hearing on questions

of priority, notwithstanding the decision of the Patent Office, but upon section 4920 (U. S. Comp. St. 1901, p. 3394), which makes anticipation a matter of defense. It may be that, were defendant now seeking to have the invention accorded to him, res adjudicata would arise. That need not here be determined. For the first time the public rights are in issue. They have never been adjudicated. The defense of res adjudicata is not sustained. It thus becomes unnecessary to dispose of defendant's claim that the pleadings do not admit of that defense to the plea.

Does the evidence establish the defense of anticipation? The patent (No. 759,472) in suit relates to automatic control of devices for heating by means of a thermostat, the operation of which is secured by the application of heat to a valve controlled by some expansible substance, which is made to open and close it automatically, as the heat increases or diminishes. The special feature of the said patent relates only to a metallic tube, which incases the expansible member and is rigidly fastened to it at one point only, to reinforce it and prevent its so-called creeping, while at the same time it permits it to expand and contract freely in performing its work.

The examiner held, first, that the device for which Brissenden filed an application, and which was before him in the interference proceeding, was different from that of 1898 and 1899, and that, under the rule laid down in Warner v. Smith, 84 O. G. 311, and in Quist v. Ostrom, 108 O. G. 2147, Brissenden's early work amounted merely to an abandoned experiment; and, second, assuming that Brissenden did reduce the invention to practice in 1898, then, under the decisions in Mason v. Hepburn, 84 O. G. 147, and Thomson v. Weston, 99 O. G. 864, and Matthes v. Burt, 114 O. G. 764, the decision must still go to Roesch—these latter cases holding that:

"The first to reduce to practice subordinates or forfeits his rights to a patent. by reason of long and unexcused delay, lack of diligence, and failure to disclose his invention to the public, in favor of a later inventor who has been diligent in putting his invention into use and disclosing it to the public, and has filed his application or obtained his patent."

Undoubtedly there is some difference of opinion in the decisions upon the point of delay in applying for a patent. In Coffin v. Ogden, 18 Wall. 120, 21 L. Ed. 821, and Gayler v. Wilder, 10 How. 496, 13 L. Ed. 504, the Supreme Court seems to hold that the right to a patent is not thereby lost. While in Kendall v. Winsor, 21 How. 322, 16 L. Ed. 165, the same court, speaking of one who designedly delayed application with a view of securing his own advantage, says:

"And with a very bad grace could he appeal for favor or protection to that society which, if he had not injured, he certainly had neither benefited nor intended to benefit. Hence if, during such a concealment, an invention similar to or identical with his own should be made and patented, or brought into use without a patent, the latter could not be inhibited nor restricted upon proof of its identity with a machine previously invented and withheld and concealed by the inventor from the public."

In Universal Adding Machine Co. v. Comptograph Machine Co., 146 Fed. 982, 77 C. C. A. 227, the Circuit Court of Appeals held the invention of the complainant to have been either an inoperative ex-

periment or an abandoned, though practical device, through what is termed "eight years of inaction." In that case the machine was widely advertised and placed in the Census Department's offices, and publicly experimented with, and then laid aside for eight years. In the meantime another inventor had taken out a patent for the same invention. This patent the Comptograph Machine Company sought to have set aside, and the invention awarded to it. It would seem clear that, if the invention was perfected and abandoned, it went to the public.

In the case at bar, six exhibits are introduced to establish reduction to practice, dating back to 1898 and 1899. Claims 1, 2, and 4 of Brissenden's application seem to fairly cover the device of Roesch, as well as describe the device of exhibits of 1898 and 1899, though some of the details are not so clearly shown as could be desired. The examiner says:

"It seems not improbable that Brissenden obtained knowledge of the manufacture and sale of the Roesch device, and was stimulated thereby to again take up his device and to file an application therefor."

And he cites the close resemblance of Brissenden's application to that of Roesch, rather than to those of the exhibits, and adds:

"When Brissenden finally perfected his invention a year later than his rival, it was in different form from those of his early experiments."

About six years intervened the date of Brissenden's alleged reduction to practice and the filing of his application. At the time of filing defendant's application, complainant's device was on the market, and had been for about a year. More than 1,000 had been sold, and it had been extensively advertised. Brissenden had abundant opportunity to appropriate it. The attempt to excuse delay by showing poverty was justly disregarded by the examiner upon the record presented.

As to what the examiner terms "Count 3": The date of invention does not antedate the original application of 1904, and therefore it need not be here further considered.

It is clear that Brissenden, under the facts of the case, could not himself secure a patent at this time. Whatever interest in the invention he may have had must be treated as lost through his delay and the subsequent discovery of Roesch. Bates v. Coe, 98 U. S. 31, 25 L. Ed. 68; Eck v. Kutz (C. C.) 132 Fed. 758; Western Elec. Co. v. Sperry Elec. Co., 58 Fed. 186, 7 C. C. A. 164. This he seems to recognize by his plea setting up abandonment to the public and consequent anticipation. The facts, however, as they appear in the record, fail to sustain this contention. Mere reduction to practice, without any public use or other act placing the public in possession of the invention, does not constitute abandonment. Abandonment will not be lightly presumed, but must be fully proved. Mast, Foos & Co. v. Dempster Mill Mfg. Co., 82 Fed. 327, 27 C. C. A. 191.

The Brissenden experiments do not seem to have been attended by any public use, or publicity of any kind. They were tested in the office of his employer. One was placed on trial in the office of

one Bruch. No movement was made, calculated to advise the public. While the tests seem to have been fairly satisfactory, it does not appear that they were in any way made public. There is no attempt to show that Roesch ever knew of them. It seems likely that, but for Roesch's supposed discovery of the invention, the public might never have received the benefit of it. It was not in possession of sufficient knowledge thereof to enable it to put it into practice. It was not prejudiced by the award to Roesch, and is not entitled to relief as against him. The plea is therefore overruled.