# BROWN v. CAMPBELL.

PATENTS; INTERFERENCE; ALTERNATIVE RULING; ABANDONMENT; CONCEAL-
MENT.

1. A ruling by the Commissioner of Patents in an interference proceeding, on the question of an inventor's loss of rights by delay, is not objectionable because of the alternative form of its statement that either the inventor's device was regarded by those responsible for its development as unsatisfactory, and amounted to nothing more than an abandoned experiment, or that the inventor, by concealing his device until he was aware of the device of the adverse party, lost his right to a patent.

2. An inventor loses the rights which accrued from his prior conception and reduction to practice by concealing his invention and delaying his application until he learns that another has entered the field and made disclosure by marketing his invention. (Citing *Mason* v. *Hepburn*, 13 App. D. C. 86; *Richards* v. *Burkholder*, 29 App. D. C. 485; and *Gordon* v. *Wentworth*, 31 App. D. C. 150.)

No. 876. Patent Appeal. Submitted January 14, 1914. Decided February 2, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from concurrent decisions of the Patent Office tribunals in an interference case in which priority of invention was awarded the appellee, George W. Campbell. The application of the appellant Alexander T. Brown was filed November 16, 1907; that of Campbell November 16, 1906.

The subject-matter of the interference relates to a ribbon mechanism applicable to typewriting machines in which the writing is visible. The issue is set forth in thirty-five counts, of which the 1st, 15th, and 24th are illustrative:

"1. In a typewriting machine, the combination, with printing instrumentalities and a horizontal platen, of ribbon spools at the sides of the machine, a vibratory ribbon carrier provided with devices which maintain the printing portion of the ribbon substantially at right angles to the lines of print, a guide for said carrier, means for adjusting said guide in the general direction of the length of the platen, and maintaining it set in adjusted position, and means for adjusting said ribbon carrier at printing operation."

"15. In a typewriting machine, the combination, with printing instrumentalities and a platen, of a vibratory ribbon carrier provided with a ribbon guide, which maintains the printing portion of the ribbon in a direction crosswise of the lines of print, and so that the printing portion of the ribbon is diverted laterally from the direction of the general run of the ribbon, and feeds longitudinally crosswise of the general run, means for moving said carrier to vary the normal position of the printing portion of the ribbon, and means for actuating said carrier at printing operation."

"24. In a typewriting machine, a ribbon field-changing mechanism comprising a shiftable guide on which a vibratory ribbon carrier is arranged to move, and means for shifting said guide independently of the operation of the machine."

*Mr. Jacob Felbel* and *Mr. Daniel A. Carpenter* for the appellant.

*Mr. Henry C. Workman* and *Messrs. Knight Brothers* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court.

The Examiner of Interferences and the Board of Examiners in Chief, after an unusually exhaustive and satisfactory analysis of the evidence, found that Campbell had established a conception and reduction to practice in February, 1906, and that Brown had established a reduction to practice in the latter part

of 1904, but, by concealment of the invention until after he had learned of Campbell's work in 1907, his rights became subordinated to those of Campbell.   The Commissioner found that there had been concealment by Brown of the device of 1904, which the lower tribunals of the Patent Office found constituted a reduction to practice, and that the application for a patent was inspired by the knowledge of what Campbell had done. The Commissioner concluded that "either the Brown device was regarded by those responsible for its development as unsatisfactory, and amounted to nothing more than an abandoned experiment, or that Brown, by concealing his device until he was aware of the device marketed by the Victor Typewriting Company, Campbell's assignee, has lost his right to a patent thereto."   This alternative ruling of the Commissioner is criticized by counsel for appellant, but if they will turn to the opinion of the circuit court of appeals for the seventh circuit, in a somewhat similar case, *Universal Adding Mach. Co.* v. *Complograph Co.* 77 C. C. A. 227, 146 Fed. 981, they will find that almost the same language was there used.

We are convinced that the evidence fully sustains the finding of the tribunals of the Patent Office that Mr. Brown concealed this invention from the time it was made, in 1904, until Mr. Campbell's machine was on the market, in 1907, and that it was Mr. Campbell's disclosure of the invention to the public that inspired the Brown application.   We do not deem it necessary to review the evidence here, since that has been so satisfactorily done in the Patent Office.   We therefore agree with the Office that the case is ruled by *Mason* v. *Hepburn,* 13 App. D. C. 86; *Richards* v. *Burkholder,* 29 App. D. C. 485; *Gordon* v. *Wentworth,* 31 App. D. C. 150, and other cases in this court.

"No man, when he hath lighted a candle, putteth it in a secret place, neither under a bushel, but on a candlestick, that they which come in may see the light."   St. Luke 11: 33.   The man who secretes his invention makes easier and plainer the path of no one.   He contributes nothing to the public.   Over and over has it been repeated that the object of the patent system is, through protection, to stimulate inventions, and inventors ought

to understand that this is for the public good. Where an invention is made and hidden away, it might as well never have been made at all,—at least so far as the public is concerned. The law owes nothing to such an inventor, and to permit him to lie in wait, so to speak, for one who, independently and in good faith, proceeds to make and disclose to the public the same invention, would be both unjust and against the policy of the patent laws. In the eyes of the law he is not the prior inventor.

Decision affirmed. *Affirmed.*

A petition by the appellant for a rehearing was denied March 2, 1914.